```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                         DISTRICT OF VERMONT


KRISTIN CONNOLLY                    :
        Plaintiff,                  :
                                    :
        v.                          :   Docket No. 2:09-CV-131
                                    :
SMUGGLERS' NOTCH MANAGEMENT         :
COMPANY                             :
        Defendant.                  :
```

## Opinion and Order

Plaintiff Kristin Connolly ("Connolly") sues Defendant Smugglers' Notch ("Defendant" or "Smugglers' Notch") for alleged violations of the Federal Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, Vermont's Minimum Wage & Overtime Law, Vt. Stat. Ann. tit. 21, § 384, Vermont's Fair Employment Practices Act, Vt. Stat. Ann. tit. 21, §§ 495-496, Vermont's Workers' Compensation Law, Vt. Stat. Ann. tit. 21, §§ 643b & 710, the clear and compelling public policies of the State of Vermont, and breach of her employment contract and the implied covenant of good faith and fair dealing.  Smuggler's Notch moves to dismiss the FLSA claim for failure to state a claim and to dismiss the state law claims for lack of subject matter jurisdiction.  Connolly filed an amended complaint, which Smugglers' Notch contends does not cure the complaint's deficiencies.  For the reasons that follow, its Motion to Dismiss (Doc. 6) is DENIED.

## I. Standard

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accepts Connolly's factual allegations in her amended complaint as true for purposes of considering the motion to dismiss and draws all reasonable inferences in her favor. *See Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (citing *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000)).

Smugglers' Notch follows a practice of laying off and reinstating employees. Its business cycle typically calls for reinstating and hiring new employees just before the beginning of the ski season in mid-November, laying off employees at the end of the ski season, around mid-April, and reinstating or hiring employees at the beginning of the summer season, approximately mid-May. Connolly worked for Smugglers' Notch as a seasonal employee for more than ten years in their special needs program.

Smugglers' Notch failed to compensate Connolly for overtime work despite her frequently working more than forty hours per week and not being exempt from the overtime provisions of the FLSA or Vermont's Minimum Wage and Overtime Laws. Connolly

worked 60-70 hours in some weeks, 50 hours in other weeks, and up to 45 hours in other weeks.

Connolly suffered a knee injury in 2007 when, while working, she jumped into a pool to rescue a child who was in the special needs program. The Workers' Compensation Insurance Company paid benefits to Connolly on behalf of Smugglers' Notch.

Before the 2008 ski season, Connolly's physician provided her a written release authorizing her to resume her position with Smugglers' Notch with certain restrictions related to her knee condition. However, Smugglers' Notch refused to reinstate her in November of 2008 according to its practice, and despite her request to resume work. Ms. Connolly filed this suit on May 21, 2009.

Smugglers' Notch contends that Ms. Connolly did not sufficiently state an FLSA claim and that the Court should decline to exercise supplemental jurisdiction over her state law claims.

## II. Analysis

### A. Failure to State an FLSA Claim

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *Twombly* states that a pleading that only provides "a formulaic recitation of the elements of a cause of action will

not do." *Twombly,* 550 U.S. at 555. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly,* 550 U.S. at 555). Plaintiffs must demonstrate that their claims are plausible rather than just possible. *Twombly*, 550 U.S. at 556.

In *Iqbal*, the Supreme Court elaborated on "[t]wo working principles [that] underlie . . . *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S.Ct. at 1949-50 (internal citations omitted). Determining whether a complaint survives a motion to dismiss requires the court to make a "context-specific" analysis and "draw on its judicial experience and common sense." *Id.* at 1950 (internal citations omitted).

Here, regarding the FLSA claim, Ms. Connolly alleges in her amended complaint that the:

> Defendant failed and refused to compensate Plaintiff at time and one-half for all hours worked in excess of 40 hours in a workweek despite the fact that Plaintiff was not exempt from the overtime provisions of the FLSA or Vermont's Minimum Wage and Overtime Laws and frequently worked in excess of forty (40) hours in a work week and averaged working between 2100-2300 hours every year. As best a [*sic*] she can recall,

4

> Plaintiff worked 60-70 hours in some work weeks, worked 50 hours in other weeks and up to 45 hours in other weeks.

Compl. ¶¶ 57, 58.

An employer violates § 207 of FLSA if it fails to pay covered employees at least one and one half times their normal rate for hours worked over 40 hours during the workweek. 29 U.S.C.A. § 207(a)(1). Thus, to state a prima facie case under FLSA, a plaintiff "must produce sufficient evidence to establish that the employee[] ha[s] in fact performed work for which [she was] improperly compensated and produce sufficient evidence to show the amount and extent of that work 'as a matter of just and reasonable inference.'" *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).

In recent decisions from district courts within the Second Circuit, complaints will withstand motions to dismiss if they "indicate the applicable rate of pay and the amount of unpaid . . . overtime wages due." *Zhong v. August August Corp.*, 498 F.Supp.2d 625, 629 (S.D.N.Y. 2007). Even without this, however, if the earnings one claims to be owed are readily determinable from statements on working hours and amount paid, such statements are sufficient. *Id*.

In another decision from the U.S. District Court for the Southern District of New York, *Nichols v. Mahoney*, 608 F. Supp.

5

2d 526 (S.D.N.Y. 2009), the Court found a complaint sufficient where, "[a]s to the overtime claims, plaintiffs . . . specified the approximate time period they were employed by defendants . . . and the approximate number of overtime hours they each worked per week without receiving overtime pay." *Id*. at 547.

This complaint meets the specificity standard. Connolly has put the defendant on notice of the charges against it. She has alleged an FLSA violation for working overtime of between five and 30 hours per week. This is not a legal conclusion, and Connolly has met the plausibility standard by specifying hours she worked overtime without receiving time and one-half pay in violation of FLSA. While provision of time periods would certainly be more informative, the allegations have put the defendant on notice, and, with this, Smugglers' Notch can easily determine time periods on its own by looking at company records, which it is required to keep by law. Were the Court to dismiss the FLSA claim at this phase, Connolly could theoretically continue with her other claims, conduct discovery, gain information regarding her exact overtime hours from the Defendant's records, and then refile the FLSA claim.

Additionally, it is unreasonable to expect a plaintiff to allege with specificity much beyond the pleadings here as she has not yet been able to conduct discovery. Few employees could possibly remember the exact overtime hours they worked over a

period of years without being able to engage in discovery.  Thus, drawing on judicial experience and common sense, as *Iqbal* directs, the Court denies the motion to dismiss Ms. Connolly's FLSA claim.

    B.    <u>Supplemental Jurisdiction</u>

A district court has supplemental jurisdiction over state claims that are so related to claims over which the court has original jurisdiction that they form part of the same case or controversy.  28 U.S.C. §1367(a).  Federal and state law claims are part of the same case or controversy when they "'derive from a common nucleus of operative fact.'"  *Cicio v. Does*, 321 F.3d 83, 97 (2d Cir. 2003) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997)).  The justification for supplemental jurisdiction is based on "considerations of judicial economy, convenience and fairness to litigants."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 716 (1966).  A district court may decline to exercise supplemental jurisdiction if (1) a claim raises novel or complex state law issues, (2) the state law claims substantially predominate over the claims over which the court has original jurisdiction, (3) the court has dismissed the claims over which it has original jurisdiction, or (4) there are other compelling reasons to decline jurisdiction in exceptional circumstances.  28 U.S.C. § 1367(c).  This decision is left to

the court's discretion.  *Vermont Mobile Homeowners' Ass'n, Inc. v. LaPierre*, 39 F. Supp. 2d 426, 427-28 (D.Vt. 1993).

The "common nucleus of operative fact" between the claims of willful violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and Vermont's Minimum Wage and Overtime Law, Vt. Stat. Ann. tit. § 384, is self-evident, and Smugglers' Notch acknowledged as much in oral argument.  Demonstrating a common nucleus of operative facts between the FLSA claim and the other state law claims is more complex.  Though "the VFEPA tracks the FLSA," *Havey v. Homebound Mortgage, Inc.*, No. 2:03-CV-313, 2005 WL 1719061, at *2 (D. Vt. July 21, 2005), the FEPA claims here involve retaliation and disability concerns, while the FLSA claims do not.  Nevertheless, the FLSA and state law claims are part of the same case or controversy.

There is an apparent difference of opinion among the circuits regarding whether the employer-employee relationship by itself is sufficient to demonstrate a common nucleus of operative fact, and the Second Circuit has not yet addressed the issue.  In *Prakash v. American University*, 727 F.2d 1174 (D.C. Cir. 1984), the Court of Appeals stated that "[t]he federal and nonfederal claims [plaintiff] advances 'derive from a common nucleus of operative fact'—[the plaintiff's] contract dispute with the university. . . ."  *Id*. at 1183 (quoting *Gibbs*, 383 U.S. at 725).  The Third Circuit Court of Appeals, on the other hand, has

concluded that "there is virtually no support for this broad reading of the reach of Article III. . . ." *Lyon v. Whisman*, 45 F.3d 758, 762 (3d Cir. 1995). The court in *Lyon* held that "[a] district court may not assert supplemental jurisdiction over state claims that are totally unrelated to the federal claims that form the basis of the court's jurisdiction." *In re Prudential Ins. Co. Am. Sales Litig.*, 148 F.3d 283, 302 (3d Cir. 1998) (citing *Lyon*, 45 F.3d at 761).

Here, the Court need not find that the employer-employee relationship by itself is sufficient to confer supplemental jurisdiction as the state law and FLSA claims share more than this, and, thus, are not "totally unrelated." In fact, adjudication of the state law claims is apt to "require many of the same witnesses, much of the same evidence, and determination of many of the same facts." *Luongo v. Nationwide Mut. Ins. Co.*, No. 95-CV-3190, 1996 WL 445365, at *5 (S.D.N.Y. 1996). The discrimination and reasonable accommodations claims, for instance, will require inquiry into the plaintiff's essential job functions. Under Vt. Stat. Ann. tit. 21, § 495(a)(1), a plaintiff must demonstrate that his "condition generally foreclose[s] the type of employment at issue," *Lowell v. IBM, Corp.*, 955 F.Supp 300, 304 (D. Vt. 1997), which necessarily draws on job duties. Vt. Stat. Ann. tit. 21 § 643(b) calls for inquiry into whether "the worker can reasonably be expected to perform

9

safely the duties of his or her prior position or an alternative suitable position," *Id.*, again requiring analysis of just what Connolly's job duties were.

Regarding the FLSA claim, unless Smugglers' Notch concedes liability it will have to demonstrate that Connolly was exempt from overtime. Under 29 C.F.R. § 541, this is determined through a two-pronged test of the employee's salary and duties. *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995); *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 613 (2d Cir. 1991). This will necessitate inquiry into the legal and factual issues of the plaintiff's duties and compensation, just as the state FEPA and workers' compensation claims will.

The Defendant relies on *Handverger v. City of Winooski*, No. 1:08-CV-246, 2009 WL 1564181 (D.Vt. June 3, 2009), where this Court declined to exercise supplemental jurisdiction, to argue that it should not exercise supplemental jurisdiction here either because Connolly will have to show additional evidence for her state law claims. It is certainly true that Connolly will have to show some additional evidence for those claims, such as evidence of retaliation and her disability. However, the Defendant's reliance on *Handverger* to argue the Court should decline to exercise supplemental jurisdiction here is misplaced.

*Handverger* involved a plaintiff whom the Winooski City Council removed from the office of City Manager. *Id.* at *1. The

dispute there centered around whether the controlling document governing the plaintiff's termination was an employment agreement or the City Charter. *Id.* Complicating the issue further was the fact that Vt. Stat. Ann. tit. 24, § 1234 allows selectmen to remove a town manager "'at any time for cause.'" *Id.* (citing Vt. Stat. Ann. tit. 24, § 1234). The plaintiff's amended complaint sought various forms of relief including five state law claims and one federal (civil rights act) claim. *Id.*

This Court declined to exercise supplemental jurisdiction over the state law claims and stayed the federal claim pending resolution of the state law claims. *Id.* at *3. In its analysis, this Court relied on the fact that "[t]he state law issues dominate[d] and [were] more salient in the case as a whole than the lone federal claim." *Id*. This Court further declined

> to exercise supplemental jurisdiction under Section 1367(c)(1) and (4). The state law issues in this case are unique and complex and ultimately may require an interpretation by the Vermont Supreme Court. Also, litigating plaintiff's claims in federal court would disrupt adjudication of the state claims and prolong and complicate the proceedings.

*Id*. n.1.

The Defendant's reliance on *Handverger* is misplaced for a number of reasons. Unlike *Handverger*, here there are no complex state law issues. Additionally, resolution of the state law issues involved there could have rendered the federal action moot, something that is not possible in this case. Moreover,

11

trying the state law claims in state court and the FLSA claim in federal court would require "duplication of efforts and judicial resources" by the Vermont courts. *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 510 F. Supp. 2d 299, 330 (S.D.N.Y. 2007). As discussed above, the evidence required for the FLSA and state law claims is similar, and it would be a waste of judicial resources to require two courts to engage in similar factual inquiries. Finally, even if the state law issues here did outweigh the FLSA claim, *Handverger* acknowledges that "[s]tate law issues may predominate in terms of proof, scope of the issues raised, or comprehensiveness of remedies sought." *Id.* at *3 (internal citations omitted). Therefore, the Court denies the Defendant's motion to dismiss the state law claims for lack of subject matter jurisdiction.

### III. **Conclusion:**

For the foregoing reasons, the Defendant's Motion to Dismiss (Doc. 6) is DENIED.

Dated Burlington, in the District of Vermont, this 5th day of November, 2009.

/s/ William K. Sessions III  
William K. Sessions III  
Chief Judge U.S. District Court